IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NOS. 3:18-CV-437-RJC-DCK and 3:18-CV-637-RJC-DCK

| | |
|---|---|
| THOMASINA COFIELD GEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| CHARLOTTE MECKLENBURG BOARD OF ) | |
| EDUCATION, HUNTINGTOWNE FARMS ) | |
| ELEMENTARY SCHOOL, CLASSROOM ) | |
| TEACHERS ASSOCIATION, and EQUAL ) | |
| EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** regarding multiple motions in <u>Gean v. Charlotte Mecklenburg Bd. Of Ed., et al.</u>, 3:18-CV-437-RJC-DCK ("the '437 case") and <u>Gean v. Charlotte Mecklenburg Bd. Of Ed., et al.</u>, 3:18-CV-637-RJC-DCK ("the '637 case"). The undersigned finds that efficient case management and judicial economy favor addressing both cases and all the pending motions in one Memorandum And Recommendation. These two cases, and many of the pending motions, have been referred to the undersigned Magistrate Judge for review pursuant to 28 U.S.C. §636(b), and all the motions are now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motions to dismiss and to consolidate be <u>granted</u>, and that the remaining motions be <u>denied</u>.

## I. PROCEDURAL BACKGROUND

Thomasina Gean ("Plaintiff" or "Gean"), appearing *pro se*, first initiated an action with this Court similar to the pending cases with the filing of a form "Complaint" on June 24, 2015, in

Gean v. Charlotte Mecklenburg Schools, 3:15-CV-275-RJC-DCK ("the '275 case"). See Gean v. Charlotte Mecklenburg Schools, 3:15-CV-275-RJC-DCK, 2017 WL 3405108 (W.D.N.C. March 3, 2017) adopted by 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017). That Complaint identified "CMS," "Huntingtowne Farms," and "H.R." as Defendants, and suggested that Plaintiff had been discriminated against based on her race and/or in retaliation for filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. Ultimately, the Court dismissed all of Plaintiff's claims in the '275 case. Gean, 2017 WL 3402963 at *2 ("Because the allegations here are outside the scope of the Charge and Notice of Right to Sue this Court lacks subject matter jurisdiction").[1]

The now pending '437 case was initiated with the filing of Plaintiff's "Complaint For Violation Of Civil Rights" on August 8, 2018. (Document No. 1). The Court has construed the Charlotte Mecklenburg Board of Education (the "Board"), the Classroom Teachers Association of North Carolina ("CTA"), Huntingtowne Farms Elementary School ("Huntingtowne"), and the EEOC as "Defendants." See (Document Nos. 1, and 1-1). The '437 case, echoing the '275 case, alleges that Plaintiff "was wrongfully terminated and discriminated against in 2015." (Document No. 1-1, p. 2). Moreover, the pending Complaint alleges that the dates of the events giving rise to her claims occurred were in 2013 and 2015. (Document No. 1, p. 4). The pending Complaint also attaches multiple Charges of Discrimination and Notices of Right to Sue from the EEOC. (Document No. 1-2). The Notices inform Plaintiff of her right to file lawsuits related to the underlying Charges **within ninety (90) days**. Id. Plaintiff does not identify any EEOC right to

---

[1] This Court also dismissed another employment discrimination suit filed by Thomasina Gean in January 2017. See Gean v. Novant Health, Inc., 3:16-CV-703-FDW-DCK, 2017 WL 64748 (W.D.N.C. Jan. 5, 2017).

2

sue letter issued after June 15, 2016. Thus, the pending lawsuit was filed almost two (2) years after the most recent right to sue letter. (Document No. 1-2, p.2).

The day before Plaintiff filed her Complaint in the '437 case, she filed a Complaint in the Superior Court of Mecklenburg County, 18-CVS-15296, on August 7, 2018, that is identical to the Complaint (Document No. 1-1, pp. 2-5) of the '437 case. On November 28, 2018, the Mecklenburg County case was removed to this Court and docketed as <u>Gean v. Charlotte Mecklenburg Bd. Of Ed., et al.</u>, 3:18-CV-637-RJC-DCK ("the '637 case"). ('637, Document No. 1-1). The '637 case includes the exact same parties and claims as the '437 case. <u>Id.</u>

The following motions are now pending in the '437 case: "Defendant Charlotte-Mecklenburg Board Of Education's Motion To Dismiss Plaintiff's Complaint" (Document No. 3) filed August 31, 2018; "Defendant Classroom Teachers Association Of North Carolina's Motion To Dismiss Plaintiff's Complaint" (Document No. 7) filed September 20, 2018; Plaintiff's "Motion For Default Judgment" (Document No. 14) filed October 29, 2018; "Defendant EEOC's Motion to Dismiss" (Document No. 15) filed October 31, 2018; "Defendants' Joint Motion To Consolidate" (Document No. 27) filed December 20, 2018; Plaintiff's "Motion To Amend Complaint" (Document No. 32) filed February 5, 2019; and Plaintiff's "Motion To Strike" (Document No. 35) filed February 28, 2019.

The following motions are now pending in the '637 case: "Defendant EEOC's Motion to Dismiss" (Document No. 2) filed December 3, 2018; "Defendant Classroom Teachers Association Of North Carolina, Inc.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 4) filed December 6, 2018; Plaintiff's "Motion For Default Judgment" (Document No. 21) filed February 2, 2019; Plaintiff's "Motion To Amend Complaint" (Document No. 22) filed February 5, 2019;

Plaintiff's "Motion To Strike" (Document No. 29) filed March 8, 2019; and Plaintiff's "Motion To Strike" (Document No. 30) filed March 8, 2019.

The pending motions are now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARDS OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional

4

> basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Pursuant to Fed.R.Civ.P. 4(e), when a waiver of service has not been obtained, service is to be effected by:

> delivering a copy of the summons and of the complaint to the individual personally; by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion who resides there; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e)(2) (A-C). When service is improper or insufficient, a defendant may challenge that claim to dismissal under Rule 12(b)(5), whereupon the Plaintiff then bears the burden of establishing that service has been performed according to the Rule. McRae v. Rogosin Converters, Inc., 301 F.Supp.2d 471 (M.D.N.C.2004); Colon v. Pencek, 3:07-CV-473-RJC-DCK, 2008 WL 4093694, at *2 (W.D.N.C. Aug. 28, 2008).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

5

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

6

## III.  DISCUSSION

As noted above, the <u>Gean v. Charlotte Mecklenburg Bd. Of Ed., et al.</u> lawsuits each have numerous pending motions, some of which have been ripe for review for several months.  The undersigned will now address the motions in a somewhat expedited manner based on significant duplication of the issues within each case, between the pending lawsuits, <u>and</u> as to the '275 case resolved by this Court in August 2017.  After careful review, the undersigned is convinced that the pending '437 and '637 cases are essentially *pro se* Plaintiff's attempts to re-litigate the '275 case. <u>See</u> <u>Gean v. Charlotte Mecklenburg Schools</u>, 3:15-cv-275-RJC-DCK, 2017 WL 3405108 (W.D.N.C. March 3, 2017) <u>adopted by</u> 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017).

The undersigned finds Defendant Charlotte-Mecklenburg Board of Education's summary of the factual background of this case to be helpful, and will adopt it as follows below.  <u>See</u> ('437, Document No. 3-1, pp. 2-4).[2]

### A.  Factual Background

Plaintiff was employed by the Board on March 8, 2005, as a Pre-K Title I Assistant.  After holding a variety of positions within the District, Plaintiff began as a K-3 Teacher Assistant on November 15, 2010 at Huntingtowne Farms Elementary School.  By letter dated May 18, 2015, the Board informed Plaintiff that her employment had been terminated due to inadequate performance, effective May 18, 2015.  By letter dated June 12, 2015, Plaintiff appealed her dismissal.  On September 25, 2015, pursuant to North Carolina General Statutes § 115C-45, Plaintiff presented her appeal before a panel of the Board.  After considering all documents submitted and oral testimony presented at the hearing, the Board denied Plaintiff's appeal and upheld the Superintendent's decision to dismiss Plaintiff.

---

[2]  It does not appear that Plaintiff objects to Defendant's factual summary.  <u>See</u> ('437, Document No. 5).

On July 1, 2013, Plaintiff filed Charge No. 430-2013-01908 with the EEOC. ('437, Document No. 1-2, p. 19). In her 2013 EEOC Charge, Plaintiff alleged discrimination based on age and retaliation. These allegations were based on a specific instance where Plaintiff's supervisor placed her on a 90-day probation period that followed a below standard performance evaluation. The EEOC was unable to conclude that the information obtained established a violation of the statutes and issued a Dismissal and Notice of Rights letter on January 30, 2014. ('437, Document No. 1-2, p. 10).

On April 15, 2015, Plaintiff filed Charge Number 430-2015-00995 with the EEOC. ('437, Document No. 1-2, p. 18). In this Charge, Plaintiff alleged retaliation based on the 2013 EEOC Charge filed against the Board. Specifically, Plaintiff alleged that "she [was] continually harassed by the Principal and Human Resources" since filing the previous Charge. She also alleged that she [was] "subjected to false accusations from various teachers and staff members," and that "[o]n April 15, 2015, [she] received a written warning from the Principal and a mandatory instruction to attend EAP." Lastly, Plaintiff alleged that her "employer refuse[d] to provide [her] with copies of [her] personnel file," and her "employer listed several fabricated issues on this written warning." ('437, Document No. 1-2, p. 18). The EEOC issued a Dismissal and Notice of Right to Sue letter on April 24, 2015, at the request of Plaintiff. ('437, Document No. 1-2, p. 3). This Charge purportedly formed the basis of Plaintiff's 2015 lawsuit.

On May 26, 2015, Plaintiff filed Charge No. 430-2015-01464 with the EEOC. ('437, Document No. 1-2, p. 22), and Plaintiff filed an amended Charge on June 11, 2015 ('437, Document No. 1-2, p. 6), though she did not add any new allegations. In this Charge, Plaintiff alleged race discrimination and retaliation based on prior charges filed against the Board and the fact that she was terminated. The EEOC was unable to conclude that the information obtained

established a violation of the statutes and issued a Dismissal and Notice of Rights letter on January 21, 2016. ('437, Document No. 1-2, p. 20).

On June 13, 2016, Plaintiff filed Charge No. 430-2016-01556 with the EEOC. ('437, Document No. 1-2, p. 21). In this Charge, Plaintiff alleged disability discrimination and retaliation, but the underlying facts remained the same as those filed in previous charges. On June 15, 2016, the EEOC issued a Dismissal and Notice of Rights letter stating that her Charge was not timely filed with the EEOC. ('437, Document No. 1-2, p. 2). Plaintiff asked for reconsideration of this decision and was denied on June 22, 2016, as her Charge *was* untimely and there was nothing to reconsider. ('437, Document No. 1-2, p. 1).

Defendant Board notes that the statute of limitations has run on all of Plaintiff's attached Charges, and thus they cannot be the subject of this litigation. ('437, Document No. 3-1, pp. 2-4) (citing Document No. 1-2, pp. 1-22). Moreover, this Court has previously determined that Plaintiff's claims based on Charge Nos. 430-2015-00995, and likely 430-2016-01556, were procedurally barred as untimely and/or outside the scope of the charge. Gean v. Charlotte Mecklenburg Schools, 3:15-cv-275-RJC-DCK, 2017 WL 3405108 (W.D.N.C. March 3, 2017) adopted by 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017).

**B. Motion To Consolidate**

"Defendants' Joint Motion To Consolidate" ('437, Document No. 27) was filed in the '437 case on December 20, 2018. Defendants seek to consolidate the '437 and '637 cases, noting that they "are virtually identical, and they involve the exact same parties, factual allegations, and claims." ('437, Document No. 27-2, p. 2). Defendants note that the only exception is that the '637 Complaint lacks the exhibits attached to the '437 Complaint. Id.

Defendants further note that Rule 42 provides that:

9

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); ('437, Document No. 27-2, p. 2).

> Rule 42, Federal Rules of Civil Procedure, gives the court wide discretion to consolidate actions before it if the actions involve common questions of law or fact. The Fourth Circuit has indicated that the court's sound discretion should be guided by a number of critical questions, such as (1) whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, (3) the length of time required to conclude multiple suits as against a single one, and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Invue Sec. Products Inc. v. Mobile Tech, Inc., 3:15-CV-610-MOC-DSC, 2017 WL 3595486, at *2 (W.D.N.C. Aug. 21, 2017) (citing Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982), on reh'g, 712 F.2d 899 (4th Cir. 1983)).

Defendants argue that the circumstances here favor merger and consolidation of the '437 and '637 cases. ('437, Document No. 27-2, pp. 1-3).

Plaintiff filed a response that states that she objects to the consolidation of these cases but offers no discernible argument or legal authority supporting her objection. (Document No. 28). In fact, the short response focuses more on other issues that are seemingly unrelated to the proposed consolidation. ('437, Document No. 28, pp. 1-2).

The undersigned agrees that these cases are virtually identical and finds that consolidation is in the best interest of the Court, the parties, and counsel. Based on the foregoing, the undersigned will respectfully recommend that the Court in its discretion grant "Defendants' Joint Motion To Consolidate" ('437, Document No. 27).

**C. Motions To Dismiss**

According to Plaintiff, these lawsuits were filed "because I was wrongfully terminated and discriminated against in 2015. . . . the charges that I am filing to include are race, retaliation, age, promotion, disability. I have enclosed several right to sue letters that was issued to me in 2015 and 2016." ('437, Document No. 1-1, p. 2); ('637, (Document No. 1-1, p. 2). Plaintiff asserts that she would also "like to file a complaint the Classroom Teachers Association headed by Judy Kidd. Ms. Kidd also knew that I was in the process of filing charges against CMS and revoke[d] my membership weeks before my termination." Id. Plaintiff seeks back-pay, restoration of retirement time, sick time, job reinstatement, and "monetary damages of 1 million dollars or more." Id.

Defendants seek dismissal of the pending actions pursuant to Fed.R.Civ.P. 12(b)(1), (2), (5), and/or (6). See ('437, Document Nos. 3, 7, and 15); ('637, Document Nos. 2 and 4).

Defendant Board first contends that Huntingtowne Farms Elementary School is not a proper Defendant because it is not a legal entity. ('437, Document No. 3, p. 1 n. 1). Defendant Board further contends that Plaintiff's claims are time-barred because she did not file suit in federal court within ninety (90) days of receiving final decisions from the EEOC. ('437, Document No. 3-1, p. 6) (citing 42 U.S.C. § 2000e-5(f)(1) and Harper v. Burgess, 1982 WL 31090, at *1 (W.D.Va. 1982)). Defendant notes that Plaintiff's current Complaint[s] is untimely by almost two (2) *years*. Id. Defendant also asserts that it has never received proper service in this lawsuit, and therefore, this action should be dismissed for insufficient service of process and lack of personal jurisdiction. Id.

Defendant Board concludes that pursuant to Fed.R.Civ.P. 12(b)(2), (5), and (6), this action must be dismissed in its entirety with prejudice. ('437, Document No. 3-1, pp. 6-8).

11

Defendant CTA also presents compelling arguments pursuant to Fed.R.Civ.P. 12(b)(2), (5), and (6) that Plaintiff's claims should be dismissed. See ('437, Document No. 8, pp. 5-7); ('637, Document No. 5, pp. 4-6). CTA asserts that Plaintiff appears to have added CTA to the Complaints as an afterthought, "without factually alleging what her complaint is against 'CTA.'" ('437, Document No. 8, p. 6); ('637, Document No. 5, p. 5).

CTA further asserts that to the extent Plaintiff alleges that CTA failed to represent her and/or improperly revoked her membership, such claims would be a contract dispute. ('437, Document No. 8, pp. 6-7); ('637, Document No. 5, p. 5-6). CTA argues that at this point a contract claim is time-barred; moreover, Plaintiff has failed to allege even the rudimentary elements of a contract claim. Id.

Defendant EEOC first argues that the Court lacks subject matter jurisdiction and the claims against it should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). ('437, Document No. 16); ('637, Document No. 3). Defendant contends that the discrimination statutes it enforces do not confer jurisdiction, and do not authorize an individual alleging discrimination by a third party, to file suit against the EEOC. ('437, Document No. 16, pp. 8-9); ('637, Document No. 3, pp. 8-9) (citations omitted). Defendant also notes that Plaintiff's claim for monetary damages is barred because the United States cannot be sued unless sovereign immunity is waived. ('437, Document No. 16, pp. 9-11); ('637, Document No. 3, pp. 10-11) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).

Next, Defendant EEOC argues that Plaintiff has failed to assert a claim upon which relief may be granted. ('437, Document No. 16, pp. 11-15); ('637, Document No. 3, pp. 12-15). Defendant argues in part:

> In order for Plaintiff to prevail against EEOC under Title VII, the ADA, or the ADEA, she must demonstrate that Congress granted

12

> a right of action against EEOC in those laws. *See Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15 (1979). She cannot do so. No provision in Title VII creates a cause of action against the EEOC for individuals who are dissatisfied with the EEOC's administrative processing or its decisions on their charges of discrimination. *See Jaffer v. National Caucus and Center on Black Aged,* 296 F. Supp. 2d 639, 642-43 (M.D.N.C. 2003); *Kelly v. EEOC,* 468 F. Supp. 417, 418 (D.Md. 1979). Sections 706, 707, and 717 provide explicit remedies for individuals who claim to be victims of employment discrimination. Such individuals may file a charge of discrimination against the employer with the EEOC. *See* 42 U.S.C. § 2000e-5. If the EEOC's efforts at resolving the charge do not succeed, or the charging party is not satisfied with the handling of her charge, she may bring suit in federal district court against the alleged discriminatory employer or prospective employer, as she has done in this case. *See* 42 U.S.C. § 2000e-5(f)(1). No provision in Title VII creates a cause of action against the EEOC for individuals who are dissatisfied with the EEOC's administrative processing or its decisions on their charges of discrimination.

('437, Document No. 16, p. 13); ('637, Document No. 3, pp. 13-14). Similarly, Defendant asserts that Plaintiff also has no cause of action against the EEOC under the ADA or ADEA. ('437, Document No. 16, pp. 14-14); ('637, Document No. 3, pp. 14-15).

Finally, Defendant also contends that Plaintiff has failed to effect proper service pursuant to Fed.R.Civ.P. 4, and therefore this action should also be dismissed under Fed.R.Civ.P. 12(b)(5).

Plaintiff's Responses to the pending motions to dismiss provide little, if any coherent argument, and no legal authority, challenging Defendants' positions. See ('437, Document Nos. 5, 12, and 24); ('637, Document Nos. 7 and 8). To the extent Plaintiff suggests some or all of these Defendants were properly served, she still fails to address compelling arguments by all the Defendants for dismissal under Fed.R.Civ.P. 12(b)(6). Id.

The undersigned notes that Plaintiff's Complaints clearly set forth that this action is about discrimination and wrongful termination **in 2015**, purportedly supported by 2015 and 2016 EEOC Right to Sue letters. ('437, Document Nos. 1, 1-1, and 1-2); ('637, (Document No. 1-1); see also

13

The Complaints even ask the Court to "[p]lease open up and also review the evidence and Docket that I submitted in the case Docket 3:15-cv-00275-RJC-DCK."  ('437, Document No. 1-1, p. 3); ('637, (Document No. 1-1, p. 3).

After careful review of the pending Complaints and motions, and the record of the '275 case, the undersigned is convinced that the current actions must also be dismissed.  Plaintiff has basically re-filed the same case she brought in 2015, and the 2018 versions of those claims are no stronger.  Plaintiff's current claims are purportedly supported by the same EEOC Charges and/or Rights to Sue that this Court has already considered and found to be outside the scope of the EEOC actions and/or untimely.  See Gean v. Charlotte Mecklenburg Schools, 3:15-CV-275-RJC-DCK, 2017 WL 3405108 (W.D.N.C. March 3, 2017) adopted by 2017 WL 3402963 (W.D.N.C. Aug. 8, 2017).

To the extent Plaintiff purports to rely on EEOC Charge 430-2016-1556 ('437, Document No. 1-2, p. 21) or the related "Dismissal And Notice Of Rights" (Document No. 1-2, p. 2) – and might contend that action has not been previously addressed by the Court –  the undersigned finds, again, that Plaintiff's claims are outside the scope of that action and untimely.  This Court forecast in the '275 action that Charge No. 430-2016-1556 "appears to have been untimely filed and is therefore unlikely to support any additional claims in this lawsuit." Gean, 2017 WL 3405108, at *3-4.  It is clear from the attachments to the '437 case that the EEOC determined that the Charge was not timely filed. ('437, Document No. 1-2, p. 2).  Moreover, as noted above, Plaintiff missed the deadline to file a federal lawsuit based on Charge No. 430-2016-1556 by almost two (2) years.  Id.

Based on the foregoing, the undersigned will recommend that the pending motions to dismiss be granted, and that this action be dismissed with prejudice.  In addition, the Court might

consider whether a prefiling injunction is warranted against this Plaintiff.  See Johnson v. EEOC, 3:15-CV-148-RJC-DSC, 2016 WL 3514456, at *4-6 (W.D.N.C. June 27, 2016).

**D.  Motions To Amend**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  Rule 15 further provides:

> **(2) Other Amendments.**  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile."  Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also, Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court."  Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

On February 5, 2019, Plaintiff filed identical documents in both pending cases that the Court construes as motions to amend.  ('437, Document No. 32);  ('637, Document No. 22).  Apparently, Plaintiff would like to add US Omni Group and Lincoln Financial Group as Defendants.  Id.  Plaintiff's motions contend that the Board "used US Omni as the administrator of a 403b plan, and Lincoln Financial as the company that held the funds and invested them."  Id.  Plaintiff further contends that she was unable to retrieve money from her account before "it was

15

eaten up and closed out in fees" and that she "question[s] how the money was invested." Id. Plaintiff acknowledges the underlying events occurred in 2015-2016. Id.

Defendant Board responds by asserting that Plaintiff does not offer any legal basis for the relief sought, and that the proposed amendment fails to cure any of the deficiencies addressed above. ('437, Document No. 33); ('637, Document No. 23). Likewise, Defendant EEOC argues that the proposed amendment is futile and does not cure any of the deficiencies it has raised. ('437, Document No. 34); ('637, Document No. 27).

In short, the motion to amend is too little, too late. Even viewing the filing in the most favorable light, the undersigned does not find that the proposed amendment includes sufficient factual allegations to support plausible claims against the proposed new Defendants. The undersigned notes that Plaintiff mentioned these parties in the "Amended Complaint" ('275, Document No. 41, p. 4) – "defendant has also submitted false information to a 3rd party contractor that they use pertaining to me the parties are Lincoln National and US Omni…." Plaintiff did not then, and has not now, provided sufficient support for adding those parties as Defendants.

The undersigned is persuaded that the pending motion to amend is untimely and futile and should be denied.

### E. Other Motions

Also pending in the instant actions are several motions to strike and for default judgment. Under the circumstances addressed above, the undersigned will recommend that these motions be denied as moot.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Joint Motion To Consolidate" ('437, Document No. 27) be **GRANTED**.  Case No. 3:18-CV-637-RJC-DCK should be consolidated with the earlier filed 3:18-CV-437-RJC-DCK.

**IT IS FURTHER RECOMMENDED** that "Defendant Charlotte-Mecklenburg Board Of Education's Motion To Dismiss Plaintiff's Complaint" ('437, Document No. 3) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendant Classroom Teachers Association Of North Carolina's Motion To Dismiss Plaintiff's Complaint" ('437, Document No. 7) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion For Default Judgment" ('437, Document No. 14) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that "Defendant EEOC's Motion to Dismiss" ('437, Document No. 15) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Amend Complaint" ('437, Document No. 32) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Strike" ('437, Document No. 35) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that "Defendant EEOC's Motion to Dismiss" ('637, Document No. 2) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that"Defendant Classroom Teachers Association Of North Carolina, Inc.'s Motion To Dismiss Plaintiff's Complaint" ('637, Document No. 4) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion For Default Judgment" ('637, Document No. 21) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Amend Complaint" ('637, Document No. 22) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Strike" ('637, Document No. 29) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion To Strike" ('637, Document No. 30) be **DENIED AS MOOT**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 14, 2019

David C. Keesler
United States Magistrate Judge